UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTES
----------------------------------------X
THOMAS CORD RAGO II ("Mr.Rago")
    Plaintiff,

-Against-

VALERIE RAGO Samaroo ("Miss.Samaroo")

David M. Fuller ("Judge fuller")
Individually, and in his official capacity

    Defendant(s)
----------------------------------------X

FILED
CLERKS OFFICE

2004 SEP -9 P 3: 19

U.S. DISTRICT COURT
DISTRICT OF MASS

CA. 04-30187-KPN

## WRIT OF HABEAS CORPUS

### Introduction and Jurisdiction

#### Parties

1. Plaintiff Thomas Cord Rago(Mr. Rago) a Natural person domiciled At 101-11 102nd street Ozone Park, N.Y. 11416 and holding a residence at 934 West 1st Street Yuma, AZ 85364

2. Defendant: Valerie Rago Samaroo ("Miss Samaroo") a Natural person Domiciled at 815 beacon circle Springfield, MA

3. Defendant: David M. Fuller ("Judge Fuller") is the justice of Hamden county Probate and Family Court 50 State ST. Springfield, MA. He is sued

[Western Union Money Order 08-215606062 for $5.00, dated 090704, payable to District Court of Massachusetts, purchased by Thomas Rago]

...C. § 1738,

...usetts Court

**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF MASSACHUSETTES**
-----------------------------------x
**THOMAS CORD RAGO II ("Mr.Rago")**
              Plaintiff,

      -Against-

**VALERIE RAGO Samaroo** ("Miss.Samaroo")

**David M. Fuller** ("Judge fuller")
Individually, and in his official capacity

            **Defendant(s)**
-----------------------------------x

FILED
CLERK'S OFFICE

2004 SEP -9  P 3: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

## WRIT OF HABEAS CORPUS

### Introduction and Jurisdiction

#### Parties

1. Plaintiff Thomas Cord Rago(Mr. Rago) a Natural person domiciled
   At 101-11 102nd street Ozone Park, N.Y. 11416 and holding a residence at
   934 West 1st Street Yuma, AZ 85364

2. Defendant: Valerie Rago Samaroo ("Miss Samaroo") a Natural person
   Domiciled at 815 beacon circle Springfield, MA

3. Defendant: David M. Fuller ("Judge Fuller") is the justice of Hamden
   county Probate and Family Court 50 State ST. Springfield, MA. He is sued
   in his individual and official capacities.

1. **This is a complaint for relief under 42 U.S.C. §1983, 28 U.S.C. § 1738,
   RULE 60(B)**

   With pendant state claims, against Miss.Samaroo, Judge Fuller, and Massachusetts Court
   system: in their individual and official capacities.

a. <u>For declaratory and injunctive relief</u> – Defendant(s), in conspiracy with Judge Fuller and each other, violated Mr. Rago protected first Amendment freedom of petition, and First, Fifth and ninth Fourteenth Amendment due process rights by meaningful remedy. [fn1] [fn2]

b. <u>For damages</u> - Defendants, individually and in conspiracy with each other, deprived Mr. Rago of due process of law in that Massachusetts State Courts since 2003. Judge Fuller did violate Mr. Rago rights by violating U.S.C. § 1738 [fn1] resulting in the "kidnapping" of his sons under color of state law. Resulting violating Mr. Rago's right to be a parent without due process.

[fn1] U.S.C. § 1738
The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession there to. The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

[fn2] TITLE 18, U.S.C., SECTION 242

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, ... shall be fined Under this title or imprisoned not more than one year, Or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use
of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

c. Judge Fuller has assisted, aided and abetted Miss. Samaroo when he has given a judgment

Page -2-

of false jurisdiction (November 7, 2003), and custody though interstate parental kidnapping, forum shopping, and given of untrue testimony, filing false charges to encourage illegal finding, only after Miss.Samaroo had been caught hiding the children. In violation of 28 USC § 1738A (d) 28 USC § 1738A (g) or the UCCJA (sec. 6).

**Judicial Note**:

Modifications made by a state without jurisdiction are subject to dismissal, therefore This case would be moot. See. Exhibit #1 Hon. Judge John N. Nelson states that the Children moved to his state and maintain residence in Arizona for more then six months. Under the Arizona own laws, UCCJEA, and PKPA this would qualify as the new home state or "significant connection" State. Furthermore the mother removed the minor children from the fathers care with out consent, retained and made their where a bouts unknown to the custodial father, invoking the unclean hands portion of the PKPA.

### Rule 60. Relief from Judgment or Order

### (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished,

and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

**End Judicial Note**

d. Judge fuller continues (January 6, 2004) to use his ill gotten judgments, or Moot judgment to in power himself and remove Mr. Rago's parenting rights with out cause. Noting: US 429. The parent-child relationship is a liberty interest protected by the Due Process Clause of the 14th Amendment. Bell v. City of Milwaukee, 746 f 2d 1205, 1242^Q45; US Ct App 7th Cir WI, (1985).

e. Judge fuller continues use fraud upon the courts ( August 18, 2004)using his mooted judgments, to in power and assist the defendant (Miss Samaroo) by inserting stay of writ of habeas corpus.

On till the defendant can avail herself to the court with jurisdiction. See Exhibit # 2 Judge Fuller incriminates himself by proclaiming Arizona has jurisdiction to decide the Matters of the Rago family.

For Pendant State Claims - Defendants, by their actions intentionally interfered with Mr. Thomas Cord Rago II parent-child relationship on multiple occasions, by their fraudulent and malicious deceitful actions: where as they, did not follow the guide lines set fourth be the General Laws of Massachusetts (M.G.L.)Ch. 209b sec.12 and/or the Parental Kidnapping Act (PKPA) 28 USC § 1738A (2002) (C) (2) (A); (c) (2) (B) and 28 USC § 738A (d) (g) Interstate protection / Full faith and credit given to child custody registration. But did act as private individuals. [fn2]

Jurisdiction for this action

a. is pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332 as it deals with a civil complaint arising under the Constitution and laws of the United States, more specifically, 42 U.S.C. §1983, and the 1st, 5th and 14th Amendments to the United States Constitution.

Page -4-

Jurisdiction of the pendant state claim is pursuant to 28 U.S.C. §1367, as it is founded on essentially the same factual foundation.

### 6. Clarification

1. This is a claim of civil rights violation question and doesn't request any assistance in deciding parental issues. The question before this court is as such: Did Judge David Fuller acting under the color of law, violate Thomas Rago II 's Rights as a citizen of this united states by helping the child snatching mother Valerie Samaroo, while acting as judge. When he modified and didn't give full faith and credit to Mr. Rago's registered out of state custody order from the state of Arizona court? With out regard to the stated laws (Article IV U.S. Constitution section 1,The PKPA )

3. This is a new action, not to be adjoined to the case action filed with this court Docket # 0430143.

4. Did Judge Fuller modify said orders without due process acting with out authority? Causing fraud upon the Massachusetts court on multiple occasions?

5. Did stay a writ of habeas corpus docket # 04D1031 for the benefit of the child snatching Mother, acting as her lawyer? No one had put a motion for a stay of the writ. And this falls squarely on the rules of the PKPA. **A court can not act in such a way that helps the abducting parent.**

6. Dose Judge David Fuller violation of Mr. Rago's rights cause irreversible harm to his civil rights?

### 7. Legal standing

Reality of private biases and possible injury they might inflict were impermissible considerations under the Equal Protection Clause of the 14th Amendment. Palmore v. Sidoti, 104 S Ct 1879; 466 US 429. The parent-child relationship is a liberty interest protected by the Due Process Clause of the 14th Amendment. Bell v. City of Milwaukee, 746 f 2d 1205, 1242^Q45; US Ct App 7th Cir

Page -5-

WI, (1985).

The Constitution also protects "the individual interest in avoiding disclosure of personal matters." Federal Courts (and State Courts), under Griswold can protect, under the "life, liberty and pursuit of happiness" phrase of the Declaration of Independence, the right of a man to enjoy the mutual care, company, love and affection of his children, and this cannot be taken away from him without due process of law. There is a family right to privacy which the state cannot invade or it becomes actionable for civil rights damages. Griswold v. Connecticut, 381 US 479, (1965).

### Article IV U.S. Constitution section 1

Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof.

**Section 2.** The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.

A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime.

The United States Supreme Court has held in Quilloin v. Walcott, 434 U.S. 246, 98 S. Ct. 549, 54 L.Ed. 2d 511 that:

> **We have recognized on numerous occasions that the relationship between parent and child is constitutionally protected.** See, e.g., Wisconsin v. Yoder, 406 U.S. 205, 231-233, 92 S.Ct. 1526, 1541-42 L.Ed.2d 15 (1972); Stanley v. Illinois, supra; Meyer v. Nebraska, 262 U.S. 390, 399-401, 43 S.Ct. 625, 626-27, 67 L.Ed. 1042 (1923). "It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder." Prince v. Massachusetts, 321 U.S. 158, 166, 64 S.Ct. 438, 442, 88 L.Ed. 645 (1944). And it is now firmly established that "freedom of personal choice in matters of... family life is one of the liberties protected by the **Due Process Clause of the Fourteenth Amendment.**" Cleveland Board of Education v. LaFleur, 414 U.S. 632, 639-640, 94 S.Ct. 791, 796, 39 L.Ed.2d 52 (1974).

Judges must maintain a high standard of judicial performance with particular emphasis upon conducting litigation with scrupulous fairness and impartiality. 28 USCA § 2411; Pfizer v. Lord, 456 F 2d 532; cert denied 92 S Ct 2411; US Ct App MN, (1972).

> **State Judges, as well as federal, have the responsibility to respect and protect persons from violations of federal constitutional rights. Gross v. State of Illinois, 312 F 2d 257; (1963).**

> **The rights of parents to the care, custody and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and such right is a fundamental**

right protected by this amendment (First) and Amendments 5, 9, and 14. Doe v. Irwin, 441 F Supp 1247; U.S. D.C. of Michigan, (1985).

The several states has no greater power to restrain individual freedoms protected by the First Amendment than does the Congress of the United States. Wallace v. Jaffree, 105 S Ct 2479; 472 US 38, (1985).

Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. Though First Amendment rights are not absolute, they may be curtailed only by interests of vital importance, the burden of proving which rests on their government. Elrod v. Burns, 96 S Ct 2673; 427 US 347, (1976).

Law and court procedures that are "fair on their faces" but administered "with an evil eye or a heavy hand" are discriminatory and violates the equal protection clause of the Fourteenth Amendment. Yick Wo v. Hopkins, 118 US 356, (1886).

Parents have a fundamental constitutionally protected interest in continuity of legal bond with their children. Matter of Delaney, 617 P 2d 886, Oklahoma (1980)..

Parent's right to custody of child is a right encompassed within protection of this amendment which may not be interfered with under guise of protecting public interest by legislative action which is arbitrary or without reasonable relation to some purpose within competency of state to effect. Reynold v. Baby Fold, Inc., 369 NE 2d 858; 68 Ill 2d 419, appeal dismissed 98 S Ct 1598, 435 US 963; IL, (1977).

Parent's interest in custody of her children is a liberty interest which has received considerable constitutional protection; a parent who is deprived of custody of his or her child, even though temporarily, suffers thereby grievous loss and such loss deserves extensive due process protection In the Interest of Cooper, 621 P 2d 437; 5 Kansas App Div 2d 584, (1980).

The Due Process Clause of the Fourteenth Amendment requires that severance in the parent-child relationship caused by the state occur only with rigorous protections for individual liberty interests at stake. Bell v. City of Milwaukee, 746 F 2d 1205; US Ct App 7th Cir WI, (1984).

Father enjoys the right to associate with his children which is guaranteed by this amendment (First) as incorporated in Amendment 14, or which is embodied in the concept of "liberty" as that word is used in the Due Process Clause of the 14th Amendment and Equal Protection Clause of the 14th Amendment. Mabra v. Schmidt, 356 F Supp 620; DC, WI (1973).

The United States Supreme Court noted that a parent's right to "the companionship, care, custody and management of his or her children" is an interest "far more precious" than any property right. May v. Anderson, 345 US 528, 533; 73 S Ct 840, 843, (1952). Stanley v. Illinois, 405 US 645, 651; 92 S Ct 1208, (1972).

Parent's rights have been recognized as being "essential to the orderly pursuit of happiness by free man." Meyer v. Nebraska, 262 or 426 US 390 ; 43 S Ct 625, (1923).

The U.S. Supreme Court implied that "a (once) married father who is separated or divorced from a mother and is no longer living with his child" could not constitutionally be treated differently from a currently married father living with his child. Quilliin v. Walcott, 98 S Ct 549; 434 US 246, 255-56, (1978).

The U.S. Court of Appeals for the 9th Circuit (California) held that the parent-child relationship is a constitutionally protected liberty interest. (See; Declaration of Independence --life, liberty and the pursuit of happiness and the 14th Amendment of the United States Constitution -- No state can deprive any person of life, liberty or property without due process of law nor deny any person the equal protection of the laws.) Kelson v. Springfield, 767 F 2d 651; US Ct App 9th Cir, (1985).

The parent-child relationship is a liberty interest protected by the Due Process Clause of the 14thAmendment. Bell v. City of Milwaukee, 746 f 2d 1205, 1242-45; US Ct App 7th Cir WI, (1985);

A parent's right to the custody of his or her children is an element of "liberty" guaranteed by the 5th Amendment and the 14th Amendment of the United States Constitution: Matter of Gentry, 369 NW 2d 889; MI App Div (1983);

Reality of private biases and possible injury they might inflict were impermissible considerations under the Equal Protection Clause of the 14th Amendment. Palmore v. Sidoti, 104 S Ct 1879; 466 US 429..

Legislative classifications which distributes benefits and burdens on the basis of gender carry the inherent risk of reinforcing stereotypes about the proper place of women and their need for special protection; thus, even statutes purportedly designed to compensate for and ameliorate the effects of past discrimination against women must be carefully tailored. the state cannot be permitted to classify on the basis of sex. Orr v. Orr, 99 S Ct 1102; 4340 US 268, (1979).

The United States Supreme Court held that the "old notion" that "generally it is the man's primary responsibility to provide a home and its essentials" can no longer justify a statute that discriminates on the basis of gender. No longer is the female destined solely for the home and the rearing of the family, and only the male for the marketplace and the world of ideas. Stanton v. Stanton, 421 US 7, 10; 95 S Ct 1373; 1376; (1975).

Judges must maintain a high standard of judicial performance with particular emphasis upon conducting litigation with scrupulous fairness and impartiality. 28 USCA § 2411;

Pfizer v. Lord, 456 F 2d 532; cert denied 92 S Ct 2411; US Ct App MN, (1972).

State Judges, as well as federal, have the responsibility to respect and protect persons from violations of federal constitutional rights. Gross v. State of Illinois, 312 F 2d 257; (1963).

The Constitution also protects "the individual interest in avoiding disclosure of personal matters."

Page -8-

Federal Courts (and State Courts), under Griswold can protect, under the "life, liberty and pursuit of happiness" phrase of the Declaration of Independence, the right of a man to enjoy the mutual care, company, love and affection of his children, and this cannot be taken away from him without due process of law. There is a family right to privacy which the state cannot invade or it becomes actionable for civil rights damages.   Griswold v. Connecticut, 381 US 479, (1965).

**The right of a parent not to be deprived of parental rights without a showing of fitness, abandonment or substantial neglect is so fundamental and basic as to rank among the rights contained in this Amendment (Ninth) and Utah's Constitution, Article 1 § 1. In re U.P., 648 P 2d 1364; Utah, (1982).**

The rights of parents to parent-child relationships are recognized and upheld. Fantony v. Fantony, 122 A 2d 593, (1956); Brennan v. Brennan, 454 A 2d 901, (1982).

State's power to legislate, adjudicate and administer all aspects of family law, including determinations of custodial; and visitation rights, is subject to scrutiny by federal judiciary within reach of due process and/or equal protection clauses of 14th Amendment...Fourteenth Amendment applied to states through specific rights contained in the first eight amendments of the Constitution, which declares fundamental personal rights...Fourteenth Amendment encompasses and applied to states those preexisting fundamental rights recognized by the Ninth Amendment. The Ninth Amendment acknowledged the prior existence of fundamental rights with it: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The United States Supreme Court in a long line of decisions has recognized that matters involving marriage, procreation, and the parent-child relationship are among those fundamental "liberty" interests protected by the Constitution. Thus, the decision in Roe v. Wade, 410 US 113; 93 S Ct 705; 35 L Ed 2d 147, (1973), was recently described by the Supreme Court as founded on the "Constitutional underpinning of ... a recognition that the "liberty" protected by the Due Process Clause of the 14th Amendment includes not only the freedoms explicitly mentioned in the Bill of Rights, but also a freedom of personal choice in certain matters of marriage and family life."

The non-custodial divorced parent has no way to implement the constitutionally protected right to maintain a parental relationship with his child except through visitation. To acknowledge the protected status of the relationship as the majority does, and yet deny protection under **Title 42 USC § 1983**; to visitation, which is the exclusive means of effecting that right, is to negate the right completely.
Wise v. Bravo, 666 F 2d 1328, (1981).


**FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

[5] "The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed.'***unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." CONLEY VS. GIBSON (1957), 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954, 217 F.2d 168; and see rule 54c, demand for judgment, FEDERAL RULES OF CIVIL PROCEDURE, 28 USCA: "***every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." U.S. V. WHITE COUNTY BRIDGE COMMISSION (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535

"A complaint may not be dismissed on motion if it states some sort of claim, baseless though it may eventually prove to be, and inartistically as the complaint may be drawn. Therefore, under our rules, the plaintiff's allegations that he is suing in 'criminal libel' should not be literally construed. [3] The complaint is hard to understand but this, with nothing more, should not bring about a dismissal of the complaint, particularly is this true where a defendant is not represented by counsel, and in view of rule 8{f} of the rules of civil procedure, 28 U.S.C., which requires that all pleadings shall be construed as to do substantial justice BURT VS. CITY OF NEW YORK, 2Cir., (1946) 156 F.2d 791. Accordingly, the complaint will not be dismissed for insufficiency. [4,5] Since the Federal Courts are courts of limited jurisdiction, a plaintiff must always show in his complaint the grounds upon which that jurisdiction depends." STEIN VS. BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPER HANGERS OF AMERICA, DCCDJ (1950), 11 F.R.D. 153.

"A complaint will not be dismissed for failure to state a claim, even though inartistically drawn and lacking in allegations of essential facts, it cannot be said that under no circumstances will the party be able to recover." JOHN EDWARD CROCKARD VS. PUBLISHERS, SATURDAY EVENING POST MAGAZINE OF PHILADELPHIA, PA (1956) Fr Serv 29, 19 F.R.D. 511, DCED Pa 19 (1958) "FRCP 8f: CONSTRUCTION OF pleadings. All pleadings shall be so construed as to do substantial justice." DIOGUARDI VS. DURNING, 2 CIR., (1944) 139 F2d 774

9.  WHEREFORE, plaintiff:

a. The ask for a judgment under rule 60 (b) as it may apply to this case. And find the judgments of

   this court Massachusetts court moot.

b. Permanent injunction from Massachusetts Courts having any Past or future influences on any

   Rago-Samaroo family matters.

c. Grant Mr.Rago full faith and credit for his out standing custody.

d. Any further relief which the Court may deem appropriate.

*/s/ Thomas Rago*

Thomas cord Rago II
101-11 102nd street
Ozone park, N.Y. 11416
Phone # 718 441 4907

CASE NO. S1400CV200300322

BEVERLY FRAME, Clerk of Superior Court

DEBORAH SHANNON, Deputy Clerk

2003 APR -3 PM 3:22

BEVERLY FRAME
CLERK OF SUPERIOR COURT
YUMA, ARIZONA 85364

APRIL 3, 2003

JOHN N. NELSON, Superior Court Judge, Division 2

| In re the Marriage of | ] | ORDER TO SHOW CAUSE |
| THOMAS RAGO | ] | 2:30 P.M. |
| and | ] | Exhibit 1 |
| VALERIE RAGO | ] | |

This matter comes properly before the Court on Order to Show Cause. Present is petitioner Thomas Rago, who appears pro se. There are no other appearances.

The Court notes the absence of the respondent.

The Court further notes the respondent was properly served on March 24, 2003 at 86 Manor Road, Staten Island, New York.

Mr. Rago is heard and advises the Court that he has heard from the respondent and she advised him she was not going to appear at the hearing.

Thomas Rago is sworn and examined and moves the Court terminate the mother's parental rights.

The Court finds as follows: (1) a lawful order of custody was granted to the petitioner of June 3, 2002 out the County of Suffolk, State of New York, Case No V2445/02 and V2446/02; (2) that the parties are not divorced; (3) the children resided in Yuma with the respondent and his mother from June 3, 2002 until December 10, 2002 at 3520 W. 8th Street; (4) the custody Order from New York is valid; (5) that it has jurisdiction over the respondent and the minor children, that those parties having resided in Arizona in excess of six months, (6) and respondent has willfully failed to appear with the minor children at the order to Show Cause hearing set for this date.

IT IS ORDERED reaffirming lawful custody of the minor Children, Thomas Rago, date of birth July 6, 1999 and Corey Rago, Date of Birth June 7, 2000 and that the Uniform Child Custody Act authorizes an order of custody in favor of Mr. Rago for the two minor children.

IT IS FURTHER ORDERED A civil arrest warrant shall issue for the respondent for Failure To Appear at the Order to Show Cause hearing.

IT IS FURTHER ORDERED in the event the respondent is taken into custody on this warrant, this court shall be personally contacted for purposes of determining whether or not the respondent will be extradited to this state. The Court can be reached at (928) 329-2204.

IT IS FURTHER ORDERED based upon New York Custody Order and these orders grant ion custody to Mr. Rago that any Law Enforcement agency shall assist Mr. Rago is securing custody of the mionor children from the respondent Valerie Rago.

IT IS FURTHER ORDERED that the Court authorizes Marie Surges, paternal grandmother to take custody of the minor children in place of Thomas Rago if Mr. Rago is not personally present or unavailable.

4-3-03
DATE

JOHN N. NELSON, SUPERIOR COURT JUDGE

I certify this to be a true copy of the original on file in my office, Case No. S1400CV200300322
Attested to this 3 day of April, 2003.
Beverly Frame
Clerk of Superior Court
By
Deputy Clerk
KARINE SMITH

cc: Thomas Rago, 3520 W. 8th Street, Yuma AZ 85364-2540
Valerie Rago, 86 Manor Road, Staten Island, NY

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

HAMPDEN DIVISION          PROBATE AND FAMILY COURT

Docket No.: 04D1031

THOMAS RAGO, Plaintiff

*Exhibit #2*

vs.

VALERIE RAGO, Defendant

### FURTHER ORDER

After consultation with Judge Denise D. Gaumont of the Superior Court of Arizona on August 18, 2004, the court further stays the plaintiff's request for issuance of a writ pursuant to G. L. c. 208, §32 until October 18, 2004 or thereafter. The court incorporates by reference the memorandum of decision entered on August 5, 2004 after hearing on the plaintiff's request and prior to consultation with the Arizona judge. The Arizona court is best positioned to determine whether the judgment of divorce entered on March 24, 2004 is valid in light of the plaintiff's possible failure to fully advise the forum courts of the entire record of prior or pending custody proceedings including this court's modification of the underlying New York custody order on November 7, 2003.

The stay is granted so as to allow the defendant to avail herself, in the Arizona court, of any and all remedies for relief from the Arizona judgment of divorce purporting to grant custody of the children to the plaintiff [#S1400DO02200301634] or, in the alternative, to seek relief from, or modification of, the Arizona judgment in this court.

ALL UNTIL FURTHER ORDER OF THE COURT.

8/18/04
Date

David M. Fuller, Justice
Probate and Family Court